CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 19 2019

JULIA C. DUDLEY, CLERK
BY: HMcOmaod
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CLARENCE DUKE REYNOLDS,** | ) | **Civil Action No. 7:17-cv-00517** |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By: Hon. Jackson L. Kiser** |
| **STATE OF VIRGINIA, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Clarence Duke Reynolds, a Virginia inmate proceeding pro se, filed a civil rights action

pursuant to 42 U.S.C. § 1983 against the follow Defendants: the State of Virginia; Virginia Parole

Board Chairwoman Adrianne Bennett; Virginia Parole Board Member Rev. A. Lincoln James;

Virginia Parole Board Member Sherman Lea; Virginia Parole Board Co-Chair Jean W.

Cunningham; Virginia Parole Board Member Joni L. Ivey; Former Virginia Governor Terry

McAuliffe; and the Senate and House of Representatives of Virginia.[1]

### I. Claims

Plaintiff raises eight claims:

1. "The Parole Board is in violation of my 6th Amendment [rights] when they did not treat

    parole and minimum sentence as having the same protection as the maximum sentence

    under the 6th Amendment." (Compl. 8 [ECF No. 1].)[2]

2. "The Parole Board is in violation of my 6th Amendment [rights] by having a bias[ed]

    Parole Board. By having a representative of a crime victim and a person in the field of law

    enforcement serving on the Parole Board is a constitutional violation." Id.

---

[1] I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. See United States v. Marshall, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] When referring to the complaint, I use the page number of the document as listed on ECF.

3. "The Parole Board Manu[a]l is in violation of my 5th, 6th, and 14th Amendment[] [rights] when it gives 'element of crime' as part of the guidelines for the Parole Board decisions to grant or not to grant parole." Id.

4. "The State of Virginia created laws that govern the parole system are in violation my 5th, 6th, and 14th Amendment[] [rights] by having 'element of crime' in the Parole Board Manu[a]l and by having a bias[ed] panel of Parole Board members that are representative of crime victim[s]." Id.

5. "The Parole Board is in violation of my 6th Amendment [rights] when they used 'element of crime' for their reasoning and determination not to grant parole." Id.

6. "The Parole Board is in violation of my 6th Amendment [rights] when they used unsubstantial or untruthful reasoning to turn this Plaintiff down for parole." Id.

7. "Instead of using facts the Virginia Parole Board is in violation of this Plainitff['s] 6th Amendment rights by using their opinion in making [the] decision not to grant parole." Mot. to Amend 1, ECF No. 12.

8. "The Parole Board has violated this Plaintiff['s] 6th and 14th Amendment [rights] of the United States Constitution when they met in secret or behind closed doors to determine not [to] grant parole to this Plaintiff." Id.

For relief, Plaintiff requests: (1) an investigation of the laws that govern the Virginia parole system; (2) a court order directing the State of Virginia to rewrite the laws that govern parole in Virginia; (3) a federal take-over of the Virginia parole system until it follows the rule in Alleyne v. United States, 570 U.S. 99 (2013); (4) the release all inmates whose rights were violated by the Virginia parole system; (5) restitution for all inmates denied parole for the reason of "current offense"; (6) costs for this lawsuit; (7) a court order directing the Governor of Virginia to appoint Parole Board

Members that are in compliance with the Sixth Amendment; and (8) immediate release of the Plaintiff with restitution. (Compl. 19; Mot. to Amend 2 [ECF No. 12].)

Defendants filed a 12(b)(6) motion to dismiss and Plaintiff responded, making this matter ripe for disposition. After reviewing the record, I will grant Defendants' motion to dismiss.

## II.    Standards of Review

### A. 12(b)(6) Motion to Dismiss

Defendants argue that the complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations. See Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Stated differently, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, with all allegations

in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, <u>Chao v. Rivendell Woods, Inc.</u>, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

### B. <u>Pro Se</u> Pleadings

The plaintiff is proceeding <u>pro se</u> and, thus, entitled to a liberal construction of the pleading. <u>See, e.g.</u>, <u>Erickson</u>, 551 U.S. at 90-95. However, "principles requiring generous construction of <u>pro se</u> complaints are not . . . without limits." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has explained that "though <u>pro se</u> litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." <u>Id.</u> at 1276; <u>see</u> <u>Kalderon v. Finkelstein</u>, No. 08 Civ 9440, 2010 WL 3359473, at *1 n.1 (S.D.N.Y. Aug. 24, 2010) ("Plaintiff's complaint belongs to the everything-but-the-kitchen sink school of thought." "The complaint is extremely difficult to follow because of its extreme length and purported factual detail. The factual allegations are often repetitive, inconsistent, and contradicted by documents referenced in the complaint.").

### C. 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a

deprivation of a federal right. See Fisher v. Wash. Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

## D.  Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a defendant asserts the affirmative defense of qualified immunity, the court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right[,]" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Id. at 232 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). In determining whether the law was clearly established, the court "ordinarily need not look beyond the decisions of the Supreme Court, [the Fourth Circuit Court of Appeals], and the highest court of the state in which the case arose." Lefemine v. Wideman, 672 F.3d 292, 298 (4th Cir. 2012), vacated on other grounds, 568 U.S. 1 (2012). The onus is on a defendant asserting qualified immunity to actually put forth authorities and argument showing that he is entitled to it. Meyers v. Balt. Cty., Md., 713 F.3d 723, 731 (4th Cir. 2013).

## III.    Parole in Virginia

Va. Code § 53.1-136 obligates the Virginia Parole Board ("the Board") to "[a]dopt, subject to approval by the Governor, general rules governing the granting of parole and eligibility requirements, which shall be published and posted for public review." Section 53.1-136 also

requires the Board to release eligible persons who "are found suitable for parole, according to th[e] rules" adopted by the Board. Id. The Board must generally consider parole-eligible inmates on an annual basis. Va. Code § 53.1-154. The Board must "[e]nsure that each person eligible for parole receives a timely and thorough review of his suitability for release on parole, including a review of any relevant post-sentencing information." Va. Code § 53.1-136(2). "If parole is denied, the basis for the denial shall be in writing and shall give specific reasons for denial to such inmate." Va. Code § 53.1-136(7). "The Virginia Code entrusts the administration of the discretionary parole system to the Board, and it vests the Board with broad discretion in carrying out its responsibilities." Burnette v. Fahey, 687 F.3d 171, 175 (4th Cir. 2012).

## IV.    Sixth Amendment and Parole

Plaintiff argues in several claims that the defendants violated his Sixth Amendment rights regarding his parole proceedings. Plaintiff bases the claims upon the new rule of constitutional law announced in Alleyne v. United States, 570 U.S. 99 (2013). He asserts that Alleyne applied the Sixth Amendment to parole proceedings by requiring "anything that increases the minimum sentence [to be] presented in front of the jury." (Compl. 10.) He further contends that "[p]arole is affixed to the crime and sentencing," and, "[w]hen the Parole Board refers back to a person's crime they are in violation of the 6th Amendment as to the ruling in Alleyne." Id. at 10-11.

His arguments are unavailing. The Sixth Amendment to the United States Constitution states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. Amend. VI. The "explicit guarantees of the Sixth Amendment" specifically and exclusively apply in "criminal prosecutions." Kirby v. Illinois, 406 U.S. 682, 690 (1972). Commencement of a criminal prosecution occurs upon "the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." United States v. Gouevia, 467 U.S. 180, 188 (1984) (discussing the Sixth Amendment right to counsel). In Alleyne, the Supreme Court held that the Sixth Amendment, "in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt." 570 U.S. at 104.

Contrary to Plaintiff's contentions, neither the Sixth Amendment nor Alleyne applies to parole because "parole is not part of a criminal prosecution." Morrissey v. Brewer, 408 U.S. 471, 480 (1972) (noting that parole "arises after the end of the criminal prosecution, including imposition of sentence"). Drawing all reasonable facts and inferences in favor of the non-moving party, Plaintiff fails to state a claim because the Sixth Amendment does not apply to discretionary parole review. Therefore, Defendants are entitled to qualified immunity for damages, and I will grant the motion to dismiss as to the Sixth Amendment claims.

## V.     Fourteenth Amendment and Virginia Parole

Reynolds asserts Fourteenth Amendment due process claims based on the alleged violation of his liberty interest in parole. The Due Process Clause requires the government to provide due process of the law before depriving any person of life, liberty, or property. U.S. Const. Amend. XIV; Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 570-72 (1972). For state government action, "the Supreme Court has held that if state law creates a right that implicates a person's liberty, the individual possessing this right is entitled to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created

right is not arbitrarily abrogated." Hill v. Jackson, 64 F.3d 163, 170 (4th Cir. 1995). At the threshold, Virginia inmates do not have a constitutional right to early release prior to the expiration of a lawful sentence because parole is discretionary. See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991) (en banc) (finding the "fear or hope about a future discretionary decision [] too speculative to give [] a liberty interest"). However, Virginia inmates do have a limited liberty interest in consideration for parole eligibility. Hill, 64 F.3d at 170.

Plaintiff is entitled "to those minimum [due process] procedures appropriate." Id.; Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) ("Even where this court has found that parole statute establishes a liberty interest, we have held that inmates are entitled to no more than minimal procedure."). "At most, [the Fourth Circuit] ha[s] held that parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." Vann, 73 F.3d at 522. "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette v. Fahey, No. 3:10CV00070, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010); see also Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986) ("Where the denial of parole . . . rests on one constitutionally valid ground, the [Virginia Parole] Board's consideration of an allegedly invalid ground would not violate a constitutional right."). In Bloodgood, the Fourth Circuit specifically determined that the Board denying parole release because of "the seriousness of [the]crime" and the "pattern of criminal conduct" satisfied the constitutional standard. 783 F.2d at 472, 474.

Here, the Board satisfied the minimum due process requirements when they denied Plaintiff parole because of the seriousness of his crime and his pattern of criminal conduct. (Exh. D, ECF No. 1-1.) See Bloodgood, 783 F.2d at 472, 474. Furthermore, Plaintiff has not otherwise

alleged any facts demonstrating that the Virginia Parole Board failed to meet the minimum due process requirements.[3] Therefore, Defendants are entitled to qualified immunity for damages, and I will grant the motion to dismiss the Fourteenth Amendment claims.[4]

## VI.

For the foregoing reasons, I will grant Defendants' motion to dismiss.[5]

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to the parties.

ENTERED this 19th day of February, 2019.

SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The vast majority of Plaintiff's filings challenge the constitutionality of Virginia's parole laws and rules. He also generally asserts that the Board's use of "seriousness and circumstance of the crime" and "present offense" violated his rights. He does not specifically allege any action by the Board that made the denial of his parole unconstitutional or invalid.

[4] I also note that the Commonwealth of Virginia, the Governor, and the Senate and House of Representatives of Virginia are not cognizable § 1983 defendants. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983"); Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998) ("[S]tate and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities").

[5] To the extent that Plaintiff attempted to raise new claims in his response, such as his discussion of the Constitution's prohibition on bills of attainder, the claims are not reviewable and, regardless, without merit. See e.g., Cutrera v. Bd. of Supervisors of La. State Univ., 429 F.3d 108, 113-114 (5th Cir. 2005) (holding that a claim raised not in the complaint but in response to a dispositive motion is not properly before the court); Barclay White Skanska, Inc. v. Battelle Memorial Institute, 262 F. App'x 556, 563 (4th Cir. 2008).